Kirkpatrick C. J.
It appears by the case stated in this cause, that James Roberts and Catharine his wife, mortgaged *the premises in question to Daniel Walling and Cornelias Walling, the lessors of the plaintiff, on the 9th day of January 1805, which mortgage was acknowledged and registered, in due form of law, on the 11th of the same month.
That the same James Roberts and Catharine his wife, mortgaged the same premises to Samuel Pintard, one of the defendants, on the 10th day of the same month of January 1805, and that this mortgage was acknowledged and registered in due form of law on the same 10th of January, being the day of the date thereof.
That Samuel Pintard entered judgment upon his mortgage in November term 1812, and had possession delivered to him on a hab. fa. pos. returned, executed in due form of law in February term 1813; and that Theophilus Roberts, one of the defendants is now in possession as tenant to the said Samuel Pintard.
*360 And the question submitted to the consideration of the court, is which of these mortgages has the priority ?
This question depends upon the 5th and 10th sections of “ the act to register mortgages,” passed June 7, 1799.
The 5th section of that act enacts, that if a person .shall mortgage lands to two or more, and any doubt shall arise about the priority of the said mortgages, then the mortgage first registered shall be the prior mortgage, and be the first paid.
This I think gives the rule. It is positive, unconditional and uncontradicted by any other section.
The tenth section enacts, “that every mortgage of lands &c. shall be void against a subsequent mortgagee, or purchaser for valuable consideration, without notice, unless such mortgage shall be acknowledged and registered within thirty days after the signing, sealing, and delivery of the same.”
Now although this section provides that every mortgage, not registered in thirty days, shall be void against a subsequent mortgagee, yet it does not follow that the converse of the proposition is true, and that no mortgage registered in thirty days, is void against such mortgagee. Nor is this the true construction of the act; for the fifth section, already cited, creates an express exception to such converse; it must not only be registered in thirty days, but it must be registered first, in order to make it valid against such subsequent mortgagee.
The truth is, that the tenth section is not intended at all to cre*ate or regulate priorities, but merely to give publicity to mortgages in order to protect innocent purchasers of every description. It operates upon subsequent mortgages just as it operates upon subsequent deeds in fee-simple, and not otherwise.
I am of opinion, therefore, that the mortgage to Samuel Pmtard in this case, having been first registered, though posterior in date, has the priority, and that therefore, according to the terms of the case, judgment be entered for the defendants, with costs.